**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ngoc–Hanh Thi Dang NGUYEN,
Defendant—Appellant.**

No. 03–10058.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided May 5, 2004.

Elise Becker, Kyle F. Waldinger, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Frank McCabe, Esq., Goorjian & McCabe, San Francisco, CA, for Defendant–Appellant.

Before: THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

**MEMORANDUM** *

■ Appellant Ngoc–Hahn Thi Dang Nguyen ("Nguyen") appeals her conviction for attempted arson in violation of 18 U.S.C. § 844(i) and assault in violation of 18 U.S.C. § 111(a)(1). Nguyen contends that the government's failure to turn over a list of 28 potential witnesses until late in the trial constitutes a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in addition to a violation of Federal Rule of Criminal Procedure 16 ("Rule 16"). Alternatively, Nguyen contends that her trial counsel's failure to file a discovery request pursuant to Rule 16 constitutes ineffective assistance of counsel. We reject Nguyen's contentions and affirm the judgment of conviction.

The list of potential witnesses did not qualify as *Brady* material because it was not exculpatory or impeaching. The government had not interviewed the individuals on the list and had no reason to believe such individuals could provide evidence favorable to Nguyen. *Brady* does not require the government to interview witnesses or otherwise create exculpatory evidence not then in existence. *See United States v. Monroe,* 943 F.2d 1007, 1011 n. 2 (9th Cir.1991).

■ Whether the government violated Rule 16 by breaching an informal discovery agreement is a more difficult question. However, we need not reach this issue because even assuming the existence of a Rule 16 violation, there was no prejudice, a prerequisite to reversal for a discovery violation. *See United States v. Mendoza–Paz,* 286 F.3d 1104, 1111 (9th Cir.2002).

Nguyen argues that the list of potential witnesses was crucial evidence because some of the witnesses on the list could have testified that she was carrying the black bag, which held the container of gasoline, until she was seized by the agents. According to Nguyen, this testimony would have supported her defense that she intended to set herself on fire rather than set the building on fire, because it would have been easy for her to self-immolate if she had been carrying her bag containing the gasoline at the time she attempted to light the torches, but very hard to do so if her bag were several feet away from her on a chair.

At trial, however, none of the agents suggested that Nguyen moved away from her bag after setting it down. To the contrary, the agents testified to a rapid succession of events in which Nguyen put down the bag, immediately reached for the torches, tried to light them, and was restrained. Nobody testified that Nguyen walked away from the bag. Moreover, neither the government nor Nguyen's trial counsel emphasized the placement of the bag. During closing arguments, the government did not rely on evidence that Nguyen put the bag down to negate her claim that she intended to self-immolate. The government relied on other evidence of Nguyen's intent to commit arson. The government introduced into evidence Nguyen's prior conviction for setting fire to the Vietnamese embassy in London and established that Nguyen changed her return flight to Paris so that she could attend an event in San Jose after her visit to San Francisco. Nguyen's Rule 16 argument fails for lack of prejudice.

Nguyen's inability to establish that she suffered any prejudice also defeats her ineffective assistance of counsel claim. To prevail on an ineffective assistance of counsel claim, a defendant bears the burden of establishing that (1) counsel's representa-

---

tion fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming Nguyen could satisfy the first requirement, Nguyen cannot satisfy the second.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.